*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1322-GHK (JEMx) | Date | April 16, 2014 |
|---|---|---|---|
| Title | *Karina Rico v. Jones Lang LaSalle Americas, Inc., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**     **(In Chambers) Order re:** Plaintiff's Motion to Remand [Dkt. No. 12]

This matter is before us on Plaintiff's Motion to Remand ("Motion"). We have considered the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I.     Background**

On January 2, 2014, Plaintiff Karina Rico ("Plaintiff") filed this employment discrimination suit against Defendants Jones Lang LaSalle ("JLL") and Theresa Patterson ("Patterson") in state court. On February 20, 2014, JLL removed the action to this Court, asserting that we have diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff now seeks to remand it to state court. It is undisputed that the individual defendant, Patterson, is a citizen of California who destroys diversity. However, JLL contends that Patterson is a sham defendant who should be disregarded for jurisdictional purposes because Plaintiff cannot assert a claim against her.

The Complaint alleges as follows: Plaintiff began working for JLL in September 2007 as a project coordinator. (Compl. ¶ 8). She was later promoted to senior marketing associate and marketing manager. (*Id.*). From the start of her employment until 2011, Plaintiff received "glowing" performance reviews. (*Id.*). In May 2012, Plaintiff informed her employer that she was pregnant and that she would be taking maternity leave in October. (*Id.* ¶ 9). A few months later, Patterson became Plaintiff's immediate supervisor. (*Id.* ¶ 10). Shortly after assuming this supervisory position, Patterson told Plaintiff that she was going to be demoted because Plaintiff was promoted to marketing manager "before [her] time." (*Id.*). After Plaintiff complained to JLL's human resources liaison that Patterson's comments were motivated by her pregnancy, human resources prevented Patterson from demoting Plaintiff. (*Id.*). In September 2012, Plaintiff advised Patterson that her maternity leave would have to begin two weeks earlier than previously anticipated. (*Id.* ¶ 11). Patterson responded to this information with frustration, and asked Plaintiff to work "extra time" to finish all of her projects. (*Id.*). Plaintiff found Patterson's comment "odd and demeaning" because she had already intended to finish all of her work before taking her leave. (*Id.*). In December 2012, while on maternity leave, Plaintiff discussed her return to work with Patterson. During this conversation, Patterson questioned whether Plaintiff was

JS-6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1322-GHK (JEMx) | Date | April 16, 2014 |
|---|---|---|---|
| Title | *Karina Rico v. Jones Lang LaSalle Americas, Inc., et al.* | | |

"truly ready to return to work." (*Id.* ¶ 12). Just a few weeks after Plaintiff returned to work, Patterson gave Plaintiff a "terrible" performance review, even though she had supervised Plaintiff for less than three months and Plaintiff's personnel file did not reflect that Plaintiff's work was deficient. (*Id.* ¶ 13). Patterson's negative review disqualified Plaintiff for a raise and performance bonus. (*Id.*). After receiving this poor review, Plaintiff began to look for an opportunity to transfer within JLL. (*Id.* ¶ 14). In May 2013, Plaintiff applied for a marketing manager position in Phoenix, but she never received a response. (*Id.*). She later learned that Patterson had failed to recommend Plaintiff for the position. (*Id.*). Then, on June 3, 2013, Patterson terminated Plaintiff because of Plaintiff's pregnancy. (*Id.* ¶¶ 15, 16). Based on these allegations, Plaintiff asserts a Fair Employment and Housing Act ("FEHA") harassment claim against Patterson.

**II. Legal Standard**

A defendant's burden to establish fraudulent joinder is a "heavy" one. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). A defendant is fraudulently joined only "[i]f a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder. *Diaz v. Allstate Ins. Grp.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." *Id.* (quotation marks omitted); *accord Hunter*, 582 F.3d at 1044 ("If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)). Moreover, a defendant must prove fraudulent joinder "by clear and convincing evidence," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), and "all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleadings must be resolved in favor of remand," *Archuleta v. Am. Airlines, Inc.*, 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000).

**III. Discussion**

JLL argues that Patterson should be disregarded for purposes of assessing jurisdiction because she was fraudulently joined to defeat removal jurisdiction. It contends that Plaintiff cannot state a harassment claim against Patterson because (1) all of her allegations related to Patterson involve personnel management decisions that cannot form the basis of a harassment claim under California law, and (2) Plaintiff has not adequately alleged that Patterson's purported harassment was sufficiently severe or pervasive to give rise to FEHA liability. We disagree.

Under FEHA, actionable harassment occurs when severe or pervasive conduct based on an employee's protected status creates an abusive work environment. *See Lyle v. Warner Bros. Television Productions*, 38 Cal. 4th 264, 278-79 (2006). FEHA's prohibition against harassment because of sex

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1322-GHK (JEMx) | Date | April 16, 2014 |
|---|---|---|---|
| Title | *Karina Rico v. Jones Lang LaSalle Americas, Inc., et al.* | | |

"includes sexual harassment, gender harassment, and harassment based on pregnancy, childbirth, or related medical conditions." *Miller v. Dept. of Corrections*, 36 Cal. 4th 446, 461 (2005). Liability for harassment under FEHA extends to individuals, including supervisors. *Janken v. G.M. Hughes Elecs.*, 46 Cal. App. 4th 55, 65 (1996). Accordingly, if Plaintiff is able to allege that Patterson's harassing conduct was based on her pregnancy or childbirth, *see Kelley v. Conco Companies*, 196 Cal. App. 4th 191, 203 (2011), and that the conduct was "pervasive or severe" in light of "the totality of the circumstances," *Hughes v. Pair*, 46 Cal. 4th 1035, 1044 (2009), she would have a potentially viable harassment claim against Patterson.

     Here, Plaintiff alleges several actions that, taken together, suggest at least a possibility that Patterson engaged in a pattern of harassing conduct toward Plaintiff based on her pregnancy. Plaintiff alleges that, after she announced her pregnancy, Patterson condescendingly questioned whether Plaintiff had been promoted too soon, attempted to demote her, expressed frustration that Plaintiff was taking maternity leave, and suggested that Plaintiff needed to work "extra time" before taking her leave. Plaintiff further alleges that Patterson questioned Plaintiff's ability to do the job before she returned from maternity leave, gave Plaintiff an unwarranted negative performance review upon her return, and prevented her from transferring to JLL's Phoenix office. Construing any ambiguity in favor of remand, Patterson could have engaged in these alleged actions because of Plaintiff's pregnancy. And given that Plaintiff alleges a pattern of harassing conduct that culminated in her termination, it is at least possible that Patterson's alleged harassment was sufficiently severe.

     JLL argues that Patterson's alleged acts of harassment cannot support a harassment claim under California law because they are all "routine personnel management decisions." (Opp. at 10). As Plaintiff rightly points out, the California Supreme Court has specifically rejected this argument. *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 705 (2009). Under *Roby*, "official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message" and can therefore support a harassment claim. *Id.* at 709; *see also Lizari v. CVS Pharmacy Inc.*, 2011 WL 223806, at *3 (C.D. Cal. Jan. 20, 2011) (remanding FEHA harassment action and rejecting defendant's argument that supervisors who solely made personnel decisions were fraudulently joined).

     To the extent that JLL argues that the allegations of harassment against Patterson do not meet the level of specificity required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), we reject this argument. Whether Plaintiff meets the *Twombly* standard is not determinative of fraudulent joinder. Instead, we only need to determine whether Plaintiff can state a claim against Collins "according to the settled rules of the state." *McCabe*, 811 F.2d at 1339; *see also Watson v. Gish*, 2011 WL 2160924, at *3 (N.D. Cal. June 1, 2011) (finding that *Twombly* does not apply to fraudulent joinder because Federal Rules of Civil Procedure 8 is a federal, not state, pleading rule.). "[T]hat a claim against the in-state defendant is insufficiently pled does not prove clearly and convincingly that there is absolutely no possibility that the plaintiff will be able to establish a cause of action." *Amarant v. Home Depot U.S.A., Inc.*, 2013 WL 3146809, at *6 (E.D. Cal. June 18, 2013). Moreover, "all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleadings must

*JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-1322-GHK (JEMx) | Date | April 16, 2014 |
|---|---|---|---|
| Title | *Karina Rico v. Jones Lang LaSalle Americas, Inc., et al.* | | |

be resolved in favor of remand." *Archuleta*, 2000 WL 656808, at *4. Here, construing all doubts concerning the sufficiency of her claims in favor of remand, Plaintiff's allegations show at least a possibility of stating a harassment claim against Patterson. *See Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("Even if Plaintiff did not plead facts sufficient to state a claim against [non-diverse supervisor], Defendants have not established that Plaintiff could not amend her pleadings and ultimately recover against [non-diverse supervisor] for harassment under . . . FEHA."); *Suarez v. Am. Airlines, Inc.*, 2009 WL 1657444, at *4 (C.D. Cal. June 10, 2009) ("[Defendant] may or may not be correct that plaintiff's current allegations are insufficient to state a claim for harassment under FEHA against [the non-diverse defendant]; however, [Defendant] has not shown that there is 'absolutely no possibility' that plaintiff can establish a cause of action against [the non-diverse defendant] in state court.").

Based on the foregoing, JLL has not shown by clear and convincing evidence that there is no possibility that Plaintiff can state a harassment claim against Patterson. Accordingly, JLL has failed to satisfy its heavy burden to establish fraudulent joinder.

**IV.    Conclusion**

Given that Patterson is not a sham defendant, no diversity jurisdiction exists in this case, and Defendants' removal was improper. Accordingly, Plaintiff's Motion is **GRANTED**, and this matter is remanded to the state court from which it was improvidently removed.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Deputy Clerk | | RGN/Bea |